## TYLER TERM, 1887.

St. Louis, I. M. & S. R'y Co. v. M. A. Berryhill.

(No. 2606.)

APPEAL from Bowie County. Opinion by WILLSON, J.

TODD & HUDGINS, counsel for appellant.

VAUGHAN & LEARY, counsel for appellee.

§ **319.** *Flagging railroad train at night; failure of train to stop at flag-station furnishes no cause of action to ticket-holder, when.* Appellee purchased a passenger ticket over appellant's line of railway from Texarkana to Clear Lake, a distance of eight miles, said ticket being a round-trip ticket, entitling him to return from Clear Lake to Texarkana. Clear Lake was a flag-station on appellant's line of railway, at which trains stopped only when "flagged," or signaled to do so. Appellee went to Clear Lake for the purpose of hunting. Desiring to return to Texarkana at night, he repaired to said Clear Lake station to take passage on the train. When the train arrived at and passed said station the night was very dark. Another person beside appellee was also at said station desiring to take passage on said train. Appellee and said other person attempted to signal the train to stop by waiving a white handkerchief and a valise back and forth. No other signals than these were used, and these signals being unobserved by the engineer on the train, although, as testified by him, he was on the lookout for signals, the train was not stopped, and appellee walked to Texarkana in the night-time and in the rain. It was proved that the proper way to flag a train at night was by exhibiting a light in front of it. Appellee upon this state of facts brought this suit against ap-

pellant to recover damages, and recovered a judgment for $100 and costs of suit. *Held:* The evidence does not show a cause of action, and does not support the judgment. A good cause of action is alleged in the petition, but the allegations were not proved. It is alleged in the petition that plaintiff flagged the train; that defendant's agents in charge of the train knew that the train had been flagged, and maliciously refused to stop the train at said station. Appellee's own testimony shows that he did not flag the train in the usual way; nor did he signal it in any way by means reasonably calculated under the circumstances to attract the attention of those in charge of the train. Appellant's agents in charge of the train were under no obligation to stop the train at said station unless notified that some person thereat desired it to stop, and appellee was cognizant of that fact.

November 9, 1887.　　　　Reversed and remanded.